UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE MANUEL RODRIGUEZ, | Case No. 3:19-cv-00314-LRH-WGC |
| Petitioner, | ORDER |
| v. | |
| NEVADA, STATE OF, et al., | |
| Respondents. | |

Petitioner Jose Manual Rodriguez's 28 U.S.C. § 2254 habeas petition is before the court on his response to this court's order to show cause and file proof to demonstrate that the petition is not subject to dismissal as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In his federal petition, Rodriguez states that the judgment of conviction he seeks to challenge–Case No. 89C091794-3–was entered on May 24, 1990 (ECF No. 1-1, pp. 1). It appears that, following a bench warrant and a guilty plea agreement in the same criminal case, a judgment of conviction was entered on August 2, 2002 (*see* ECF No. 1, exh. E, p. 31 and case no. 3:19-cv-00117-HDM-CBC, ECF No. 3, n.1). Rodriguez did not appeal.

In February 2015, Rodriguez filed an appeal from a purported order "revoking parole." In March 2015, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction over an appeal from such an order. While Rodriguez states in his response to the show-cause order that he in fact had a jury trial, the state-court minutes he

includes indicate that he pleaded guilty.  In any event, nothing in his response indicates that he took any action for about twelve years after he was convicted.

Rodriguez argues that his lack of English skills entitle him to equitable tolling of the one-year limitations period.  However, the Nevada Supreme Court docket belies this claim as it reflects that from 2015 to 2018, he pursued multiple *pro se* proceedings in state district and appellate courts, including two state postconviction petitions and appeals.  Moreover, many of the claims in this federal petition challenge the state-court holdings in those two state postconviction proceedings.  Claims of error in state postconviction proceedings are not cognizable on federal habeas review, even when such claims are based on the federal constitution.  *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

Accordingly, because Rodriguez has failed to demonstrate that this petition was timely filed or that he is entitled to equitable tolling of the time limitation, the petition is dismissed with prejudice as untimely.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and electronically file the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 4th day of October, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2